In re Petition for **DISCIPLINARY ACTION AGAINST Paul W. OBERG, an Attorney at Law of the State of Minnesota.**

No. C8–94–841.

Supreme Court of Minnesota.

Sept. 29, 1994.

## ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Paul W. Oberg has failed diligently to handle an estate and failed to cooperate with the Director's investigation; and

WHEREAS, the respondent has admitted all but two of the allegations, and as to those two allegations states that documents previously unfiled were filed after the petition for discipline was filed; and

WHEREAS, respondent has waived any rights he had pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director in which they jointly recommend a public reprimand of respondent and 2 years' supervised probation with conditions; and

WHEREAS, this court has independently reviewed the record and agrees that the conduct admitted to by respondent warrants the agreed to discipline,

IT IS HEREBY ORDERED that respondent Paul W. Oberg is publicly reprimanded and is placed on supervised probation for a period of 2 years subject to the following stipulated to conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date [of this order]. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and contemplates legal matters on a timely basis.

f. Within thirty days from the [date of this order], respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

g. Respondent shall continue current treatment for dysphoria and atypical depression by a licensed consulting psychologist or other professional acceptable to the Director, and shall complete all therapy programs recommended by the professional.

h. For so long as respondent is a trustee of either trust established by the will of Barbara Hanley, respondent shall account regularly, and not less than annually, to the beneficiary of each trust regarding trust investments, assets and income. Upon the termination of either trust, respondent shall promptly disburse the trust principal to the appropriate beneficiary.

The Director is awarded costs and disbursements in the amount of $750.

BY THE COURT:

/s/ M. Jeanne Coyne

M. Jeanne Coyne
Associate Justice